SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 0 2 2009
J. T. NOBLIN, CLERK
BY_____DEPUTY

U.S. COURT OF APPEALS
FILED
NOV 19 2009
CHARLES R. FULBRUGE III
CLERK

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 09-60670

IN RE: BILLY RAY BRADLEY,

                Movant

Motion for an order authorizing
the United States District Court for the Southern
District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

Before GARWOOD, DAVIS, and DENNIS, Circuit Judges.

PER CURIAM:

    Billy Ray Bradley, Mississippi prisoner # 36881, moves this court for authorization to file a successive 28 U.S.C. § 2254 application challenging his conviction and sentence for possession of a firearm by a convicted felon.

    Bradley argues that his conviction and sentence as an habitual offender, based on the findings of a judge and not a jury or by a guilty plea, contravene the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Ring v. Arizona*, 536 U.S. 584 (2002); *Blakely v. Washington*, 542 U.S. 296 (2004); and *Cunningham v. California*, 549 U.S. 270 (2007).

    Bradley does not argue that his proposed claims are based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." 28 U.S.C. § 2244(b)(2)(B). Bradley has not shown that his proposed claims rely on "a new

rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2244(b)(2)(A); *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004); *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005).

Accordingly, IT IS ORDERED that Bradley's motion for authorization to file a successive § 2254 application is DENIED.

A true copy
Attest: 19 NOV 2009
Clerk, U.S. Court of Appeals, Fifth Circuit
By: *[signature]*
Deputy
New Orleans, Louisiana